UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

PROTECTIVE LIFE INSURANCE COMPANY,

                Plaintiff,

v.                                              Case No. 08-C-312

B&K ENTERPRISES, LLC and MEGAN ANN HANSEN,

                Defendants.

**ORDER GRANTING MOTION FOR LEAVE TO DEPOSIT OF FUNDS**

      On April 15, 2008, Plaintiff Protective Life Insurance Company commenced this action for interpleader, pursuant to Fed. R. Civ. P. 22 and 28 U.S.C. § 1335, requesting a determination of the rights of competing claimants to the $1,000,000 death benefit, plus accrued interest, payable under a life insurance policy Protective Life issued to Defendant B&K Enterprises, LLC, as owner, and insuring the life of Richard Keith McDonald. Also named as a defendant is Megan Ann Hansen, who was named as the beneficiary shortly before McDonald's death. The case is presently before me on the motion of Protective Life for leave to deposit the proceeds of the policy with the clerk and for an order discharging it from further liability arising out of the transaction. For the reasons that follow, Protective Life's motion will be granted, but only in part.

      The policy at issue was purchased by B&K Enterprises, whose sole asset was a gas station and convenience store operated by McDonald. Upon issuance of the policy, three partial collateral assignments of its proceeds were made to lenders of B&K: an 82% assignment to Community Investors Bank, an 11% assignment to the Small Business Administration, and 7% assignment to

the City of Manitowoc. The assignment to the City of Manitowoc was released in October, 2007. On or about December 31, 2007, B&K sold the gas station/convenience store to a third party and the proceeds of the sale were used to satisfy the loans made by Community Investors Bank and the Small Business Administration. As a result, following the sale of the gas station and convenience store, there were no remaining assignments to the policy in effect.

On January 4, 2008, Protective Life received a telephone call from the office of Gerald Braun, the independent insurance broker who had submitted the application for the policy. Braun requested Change of Ownership and Change of Beneficiary forms for the policy which were then forwarded to him. Shortly thereafter, Braun submitted the Change of Ownership Form signed by Michael Culligan, as operating officer of B&K, transferring ownership of the policy to Mr. McDonald. A Change of Beneficiary Form was thereafter submitted by Mr. McDonald, changing the beneficiary from B&K to Megan Ann Hansen.

Protective Life received the Transfer of Ownership Form on January 31, 2008. On February 11, 2008, Protective Life received the Change of Beneficiary Form, and on February 13, 2008, recorded the Change of Beneficiary. On February 19, 2008 Protective Life wrote B&K returning the Transfer of Ownership Form to B&K and requested an additional signature of an officer of B&K. On February 25, 2008, Mr. McDonald died. Police concluded that his death was a suicide. Shortly thereafter, Protective Life was notified of McDonald's death through the attorney for B&K. Protective Life also was informed that B&K would not be returning the Transfer of Ownership Form and regarded itself as the beneficiary of the policy. Faced with claims for the proceeds of the policy by both B&K and Ms. Hansen, Protective Life instituted this action for interpleader.

Protective Life requests that it be allowed to deposit into the registry of the Court the $1,000,000 face value of the policy, plus accrued interest. Upon such deposit being made, Protective Life further requests that the Court discharge Protective Life from any further liability in this matter and enjoin the defendants from instituting or prosecuting any action against Protective Life with respect to, effecting, or in any way arising out of the policy.

Neither B&K Enterprises nor Ms. Hansen oppose Protective Life's request that it be allowed to deposit the proceeds of the policy with the Court. Nor do they oppose Protective Life's request that it be discharged from any liability for the proceeds of the policy. Each, however, opposes Protective Life's request that it be insulated from any further liability arising out of the matter. B&K Enterprises, in particular, contends that in the event that the Court concludes that Ms. Hansen is entitled to the proceeds of the policy, it may have a claim against Protective Life for changing the beneficiary of the policy without proper authorization. B&K takes the position that Culligan did not have authority to transfer ownership of the policy prior to the end of the term for which the premium had been paid by B&K. In the event the Court concludes that Hansen is entitled to the proceeds based upon McDonald's designation of her as the new beneficiary, B&K contends that it may have a claim against Protective Life for acting without proper authorization. Since this potential claim would be independent of its claim for the policy proceeds, B&K claims it would be improper to dismiss or to discharge Protective Life from all further liability regarding the matter with prejudice.

In support of its contention that it should be discharged from all potential liability arising out of the matter upon deposit of the policy proceeds, Protective Life relies on *Lutheran Brotherhood v. Comyne*, 216 F. Supp. 2d 859 (E.D. Wis. 2002), in which the court dismissed the

counterclaims against the interpleader plaintiff upon deposit of the disputed funds. But in that case, neither defendant objected to dismissal of the plaintiff, and there is no indication the counterclaims were separate or distinct from their claims for the proceeds. Here, of course, B&K has not only filed a claim for the proceeds, but it has also asserted a contingent claim for damages in the same amount in the event Ms. Hansen is determined to be entitled to the proceeds. Although Protective Life has moved for dismissal of B&K's counterclaim, its motion is not yet fully briefed and, unless B&K does not prevail on its claim for the proceeds, the issue may never arise.

B&K cites the "no independent liability requirement" under which interpleader was denied where there existed grounds upon which the stakeholder could be found independently liable to one or more of the claimants. *See* Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d §1706 (West 2001). Upon closer examination, however, that rule seems inapplicable here. The requirement that there be no independent basis of liability against the stakeholder was a defense to an interpleader action. Whether it remains the law today is in doubt. *Id.* at 562. But even if it is, neither claimant here seeks dismissal of the lawsuit; they merely oppose Protective Life's request that it be granted a discharge from all potential liability arising out of the transaction.

More to the point is *Lamarche v. Metropolitan Life Insurance Co.*, 236 F. Supp. 2d 50 (D. Me. 2002), where the court rejected the insurer's contention that it was discharged from all further liability upon filing an action for interpleader:

> Metropolitan's primary legal contention is that simply by virtue of having filed a claim for interpleader and "posted the stake," it has immunized itself from any liability on LaMarche's claims and Armesto's cross-claims, even to the extent that such claims assert alternative bases for liability and may afford remedies additional to the stake. This basic premise is false. The § 1335 interpleader action exists to prevent the stakeholder from having to defend more than one action. It does not exist

4

> to prevent the stakeholder from having to be a party in any action or from defending independent claims.

*Id*. at 55.

Having considered the arguments of counsel, I agree with the claimants that it would be premature to discharge Protective Life from all further liability with prejudice at this point. I see nothing in either Rule 22 or 28 U.S.C. § 1335 that entitles it to such relief. While Protective Life's liability beyond the face amount of its policy may be unlikely, the Court is unable to determine as a matter of law that it could not be liable on a claim other than one for the proceeds of its policy on the ground that it acted without proper authorization or on some other basis.

Accordingly, Protective Life's motion for leave to deposit funds will be granted. Further, Protective Life will be dismissed from the action, but the dismissal is without prejudice. As noted above, B&K has asserted a counterclaim which it concedes is contingent and only inchoate at this point. B&K does not object to dismissal of the claim, as long as such dismissal is without prejudice. Since there is a significant possibility that the counterclaim will never come to fruition, the Court is in agreement that dismissal at this point is appropriate. But the dismissal will be without prejudice. In the event either claimant concludes, following the disposition of this matter, that it may have an independent claim against Protective Life, they may assert it at that time.

**IT IS THEREFORE ORDERED** that Protective Life deposit in the registry of the Clerk of United States District Court for the Eastern District of Wisconsin, either the Green Bay or Milwaukee Division, the proceeds of life insurance policy E00375475 in the amount of $1,000,000, plus applicable interest accrued to date of deposit, on or before October 26, 2008. The Clerk shall place the funds in an interest-bearing account.

**IT IS FURTHER ORDERED** that Protective Life is discharged from any further liability for the proceeds of the policy and all other claims against Protective Life are hereby dismissed without prejudice.

Dated this   26th   day of September, 2008.

s/ William C. Griesbach<br>
William C. Griesbach<br>
United States District Judge